```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA,       * | |
| Plaintiff,                      * | |
| vs.                             * | CASE NO. 4:08-CV-122(CDL) |
| $75,020.00 IN UNITED STATES     * FUNDS, *et al.*, | |
|                                 * | |
| Defendant Property,             * | |
| AMERCREDIT FINANCIAL SERVICES, INC., RONALD KIRKWOOD, and LETHEL VAUGHNS,    * | |
|                                 * | |
| Claimants.                      * | |

O R D E R

Presently pending before the Court is Plaintiff United States of America's Motion to Stay Proceedings (Doc. 17). For the following reasons, Plaintiff's motion is granted.

DISCUSSION

On August 27, 2008, Plaintiff filed a civil forfeiture action, alleging that certain Defendant Property seized from Claimant Ronald Kirkwood's residence constitutes money or things furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is therefore subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(6). Kirkwood is currently under indictment in this Court; the criminal charges arise from the same conduct forming the basis for

1

the civil forfeiture action.[1]  *See United States v. Kirkwood*, No. 4:08-CR-46 (CDL) (M.D. Ga. filed Dec. 10, 2008).

Plaintiff contends that the civil forfeiture action should be stayed because "[r]elease of information in the possession of the United States through the exercise of civil discovery would compromise the continuing criminal investigation, and could result in the destruction of evidence." (Mem. of Law in Supp. of Mot. to Stay Proceedings 3.)  The Court agrees.  Therefore, because discovery in the civil forfeiture case will prejudice the United States's ability to prosecute the related criminal case, the civil forfeiture action is hereby stayed pending the disposition of the criminal case.[2]  *See* 18 U.S.C. § 981(g)(1) ("Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.").  Accordingly, Plaintiff's Motion to Stay Proceedings (Doc. 17) is granted.

---

[1]"In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4).

[2]Although there is no criminal prosecution pending against Claimant Lethel Vaughns, he asserts an ownership interest in certain Defendant Property which is directly related to the pending criminal case against Kirkwood.

IT IS SO ORDERED, this 14th day of April, 2009.

    S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE